HAL EARL v. THE STATE.

No. 2526.   Decided February 18, 1903.

**1.—Sunday Law—Selling Liquor as Agent of a Firm—Evidence.**

On a trial where defendant was charged as the agent of a firm composed of H. & F. with selling liquor on Sunday, it is inadmissible to prove that it was generally understood that H. & F. owned the saloon. The fact that they were the owners should have been proved by their license and bond required by the law to run such business.

**2.—Same.**

On a trial for selling liquor on Sunday, it was inadmissible to prove by the county clerk, and read in evidence from a stub book kept by him with regard to the liquor license issued by him to H. & F. There is no law requiring a county clerk to keep such stub book.

Appeal from the County Court of Hood. Tried below before Hon. Phil Jackson, County Judge.

Appeal from a conviction of selling liquor on Sunday; penalty, a fine of $20.

The opinion states the case.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of selling liquor on Sunday, and fined $20. The information charges that appellant sold as the agent and employe of Humphreys & Finton. There is no question as to the sale. The State was permitted to prove by the witness Mantooth that it was generally understood that Humphreys & Finton were the owners of the saloon and business where the sale occurred. Various objections were urged to the introduction of this testimony, which we think are well taken. We do not believe this character of testimony is admissible as evidence of ownership of a mercantile business. If as a matter of fact Humphreys & Finton were the owners, there are various ways, under our law, by which this could be shown. These parties must take out license and run their business under the terms of the law; they are required to give bond, etc. This testimony was inadmissible.

George Tarrant, the county clerk, testified that he kept a stub book from which retail liquor licenses are issued; and, over the objection of appellant, this stub book was permitted to be read in evidence, or that portion of it which is as follows: "File Number 3. No. —. $510. Liquor Dealer's License. Issued to Humphreys & Finton. 18. Town of Granbury. Term, twelve months. Commencing on the 3d day of Sept., 1900. Expiring on the 2 day of Sept., 1901. T. H. Hiner, County Clerk. Received this license 9-3, A. D. 1900." We do not believe this testimony was admissible. If there is any statute requiring such a book to be kept, we have been unable to find it. Nor do we be-

lieve it is brought within any of the rules authorizing the introduction of papers or records.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*